UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DOMINGO TOVAR CRUZ**, an individual, and behalf of all similarly situated

Plaintiff,

v.

**RIVIERA MAYA, INC.,** A Michigan Corporation, d/b/a **LOS AMIGOS PORTAGE,** and **FRANCISCO HERNANDEZ**, **FELIPE ORTIZ, JULIO RUIZ,** individuals, jointly and severally

Defendants.

Hon.
Case No.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Domingo Tovar Cruz, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff, on behalf of himself and all others similarly situated (hereinafter referred to as "Plaintiffs"), to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. §408.411

*et seq*. and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. Plaintiff is similarly situated with other employees who worked for or are working for Defendants who were not paid minimum wage for all hours worked.

3. Plaintiff is similarly situated with other employees who worked for or are working for Defendants and were not compensated the mandated overtime premium for all hours worked in excess of forty (40) in a work week.

4. Defendants violated the FLSA by failing to pay employees, including Plaintiff, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiff brings this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

5. Defendants violated the FLSA by failing to pay employees, including Plaintiff, minimum wage for all hours worked. The FLSA requires employees to be compensated at a mandated minimum wage rate.

6. Plaintiff seeks a declaration that his rights, and those of others similarly situated, were violated, an award of unpaid wages, and award of liquidated damages along with an award of attorneys' fees and costs. At the earliest time possible, Plaintiff seeks permission to send a Court authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members as defined below

7. Defendants, likewise, have not and do not pay the overtime rate to other similarly situated workers. Plaintiff brings a Collective and Class Action to recover unpaid overtime

compensation owed to himself and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

8. The Department of Labor filed a Complaint against the Defendants on July 5, 2018 and a Consent Judgment was entered on September 25, 2020 ordering Defendants to pay $225,000 in unpaid wage and overtime compensation to employees for the time period of August 27, 2014 to August 26, 2016. *Exhibit A Consent Judgment.*

9. The claims presented herein are for a period of time not covered by the Consent Judgment and/or for wages owed that were not included and/or paid through the Consent Judgment.

## COVERAGE

10. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

11. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. At all material times, Plaintiff and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

13. Plaintiff was engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

14. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

15. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

16. Defendants provided training to Plaintiff and Class Members, controls and has knowledge of the hours to be worked by Plaintiff and Class Members, directs the work of Plaintiff and Class Members and sets the compensation received by each.

## JURISDICTION AND VENUE

17. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

18. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1391.

19. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

20. Defendant corporation's employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

21. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

22. Defendant corporation's annual sales exceed $500,000, and each Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

23. Defendant Riviera Maya, Inc. is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Portage, Michigan, within the United States Judicial District of the Western District of Michigan.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**PARTIES**

25. Plaintiff Domingo Tovar Cruz (hereinafter referred to as "Tovar Cruz") is an individual who at all times relevant to this complaint resided in the County of Kalamazoo, State of Michigan, and whose consent to sue is attached at *Exhibit B*.

26. Defendant Riviera Maya, Inc. (hereinafter referred to as "Riviera Maya") is a Michigan Corporation whose registered office is located at 5036 S Westnedge Ave., Portage, Michigan. *Exhibit C*.

27. Defendants operate as a franchise of Los Amigos Restaurants and do business as Los Amigos Portage. *Exhibit D*.

28. Defendant Francisco Hernandez (hereinafter referred to as "Hernandez") is an individual who at all times relevant to this complaint is the owner and resident agent of Defendant Riviera Maya.

29. Defendant Felipe Ortiz (hereinafter referred to as "Ortiz") is an individual who at all times relevant to this complaint is the owner and resident agent of Defendant Riviera Maya.

30. Defendant Julio Ruiz (hereinafter referred to as "Julio Ruiz") is an individual who at all times relevant to this complaint is the manager of Defendant Riviera Maya.

31. Defendant Julio Ruiz at all times relevant to this complaint is and was in charge of the day-to-day operations of Defendant Riviera Maya.

32. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

33. Plaintiff Tovar Cruz worked as a waiter for the Defendants from April 2016 to March 2020.

34. Plaintiff Tovar Cruz was hired by Defendant Julio Ruiz.

35. Plaintiff Tovar Cruz was paid as a waiter at a rate of $3.52 per hour worked under 40 hours and $5.73 per hour worked over 40 hours, but the total hours of overtime were not correct on his pay stub.

36. Plaintiff Tovar Cruz was not always paid the hourly rate at all, he only received tips.

37. At the conclusion of the Department of Labor case, Plaintiff Tovar Cruz was supposed to be awarded $103.14 for unpaid wages and overtime compensation for time worked from July to August 2016, but he has not received this payment.

38. Also, at the conclusion of the Department of Labor case, Defendants would write checks to Plaintiff Tovar Cruz for hourly wages but he wouldn't always receive those checks, sometimes just a picture of the check.

39. Defendants altered the amount of tips on Plaintiff Tovar Cruz's pay stubs to reflect he had made more in tips than he actually had.

40. After the DOL investigation, Defendants continued to alter tip amounts however, not as excessively.

41. Plaintiff Tovar Cruz worked an average of 60 hours per week.

42. Plaintiff Tovar Cruz was paid weekly by Defendants.

43. Plaintiff Tovar Cruz's pay stubs did not reflect the correct amount of hours worked.

44. Defendants did not compensate Plaintiff at the rate of one and one-half times his rate for all hours worked over forty (40) hours per workweek as required by the FLSA.

45. Defendant did not pay the statutorily mandated minimum wage for all hours worked.

### **WILLFUL VIOLATIONS OF THE FLSA**

46. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory minimum wage and overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

47. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

48. Defendants utilized their business to subvert their obligations under state and federal law.

49. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to their unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff realleges and incorporates herein all previous paragraphs.

51. All claims set forth in all Counts of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiff brings this count on his own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants at any time in the three years prior to the filing of this action, and 2) were or are subject to the violations of the FLSA described in Count I and II. Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

52. With respect to all Counts, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

53. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiff, and their claims are based upon the same legal theory as the individually named Plaintiff.

54. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over 12 individuals.

55. The class of individuals spans all employees who worked for Defendants.

56. As such, the class of similarly situated Class Members are properly defined as follows:

    *Current and former employees of Riviera Maya, Inc. or Los Amigos Portage Restaurant. and Francisco Hernandez, Felipe Ortiz or Julio Ruiz who were not paid time-and-a-half for hours worked in excess of 40 hours during a workweek.*

    Plaintiffs reserve the right to amend this definition as necessary.

## CLASS ACTION ALLEGATIONS

57. Plaintiff brings Count III of this action as a class action pursuant to Federal Rule of Civil Procedure 23.

58. Named Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter the "Class"):

    **The Rule 23 Class is defined as follows:**

    *Current and former employees of Riviera Maya, Inc. or Los Amigos Portage Restaurant. and Francisco Hernandez, Felipe Ortiz or Julio Ruiz who were not paid time-and-a-half for hours worked in excess of 40 hours during a workweek.*

59. All requirements of Federal Rule of Civil Procedure 23 are satisfied to maintain a class action.

60. The individuals in the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members has not been determined at this time, upon information and belief, Defendants have employed over 50 Class members during the relevant time period. Plaintiff and members of the Rule 23 Class were equally affected by Defendants' violations of law.

61. There are questions of law and fact common to the Class that predominate over any questions affecting individual members, including, but not limited to:

    a. Whether Defendants violated the rights of Plaintiff and the Class by failing to properly pay them the overtime premium for hours worked over forty (40) hours in a workweek;

    b. The amount of damages, restitution, and/or other relief (including all applicable civil penalties, liquidated damages, and equitable relief available to which Plaintiff and the Class members are entitled); and

    c. Whether Defendants should be enjoined from such violations in the future.

62. Plaintiff's claims are typical of those of the Class.  Plaintiff, like other members of the Class, were subjected to Defendants' policies and willful practices of failing to pay an overtime premium as required for all hours worked over forty (40) in a workweek. . Plaintiff and members of the Rule 23 Class have sustained similar injuries as a result of the Defendants' actions.

63. Plaintiff is an adequate representative of the Class.  Plaintiff retained counsel experienced in complex wage and hour cases and collective/class action litigation.

64. Plaintiff is a member of the Class. Given Plaintiff's injuries and losses, Plaintiff is committed to the prosecution of this action for the benefit of the Class.

65. Plaintiff has no interest that would cause him to act adversely to the best interests of the class action litigation. This action is maintainable as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

66. This action is maintainable as a class action because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

67. Plaintiff intends to send notice to all members of the Rule 23 Class to the extent required by the Federal Rules of Civil Procedure.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

68. Plaintiff hereby incorporates and realleges all the paragraphs above.

69. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

70. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

71. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

72. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

73. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek,

Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

74. Plaintiff was not paid at the rate of one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

75. Defendants' violations of the FLSA were knowing and willful.

76. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

77. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

78. Plaintiff hereby incorporates and realleges all the paragraphs above.

79. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

80. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

81. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

82. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

83. Defendants failed to compensate Plaintiff at the required minimum wage for all hours worked.

84. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT III**
**VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq., AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq.,**

**FAILURE TO PAY MINIMUM WAGE**

85. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

86. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.411, *et seq*.

87. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

88. At all relevant times, Defendants have been "employer[s]" within the meaning of the MWOWA, M.C.L. § 408.411, *et seq*.

89. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

90. At all relevant times, Plaintiff was an "employee[s]" within the meaning of the MWOWA, M.C.L. § 408.411, *et seq*.

91. At all relevant times, Plaintiff was an "employee[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

92. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.414.

93. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

94. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the MWOWA, M.C.L. § 408.411, *et seq*.

95. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

96. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. Certifying this case as a Collective Action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I and II;

B. Certifying this case to proceed as a class action in accordance with Federal Rule of Procedure 23 with respect to the MWOWA and IWOWA claims set forth in Count III;

C. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated,

and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

D.  Designation of Named Plaintiff as Representative of the Class Members;

E.  Designation of Plaintiff's counsel as Class counsel;

F.  Declaring Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth in Count I and II;

G.  Declaring Defendants violated their obligations under the FLSA;

H.  Declaring Defendants violated their obligations under MWOWA and IWOWA;

I.  Granting judgment in favor of Plaintiff and Class Members and against Defendant on the FLSA claim as set forth in Count I and II and awarding each the amount of his/her unpaid wages, along with an equal amount as liquidated damages;

J.  Granting Judgment in favor of Plaintiff and Class members and against Defendant on Count III and awarding each the amount of his/her unpaid wages along with an equal amount in liquidated damages;

K.  Awarding Plaintiff and Class Members the costs of this action;

L.  Awarding Plaintiff and Class Members reasonable attorneys' fees pursuant to the FLSA;

M.  Awarding Plaintiff and Class Members reasonable attorney fees pursuant to the MWOWA and IWOWA;

N.  Awarding Plaintiff and Class Members pre- and post-judgment interest on their damages;

O.  Defendant pay prejudgment interest to Plaintiff and Class Members on these damages; and

P.  The Court grant such other and further relief as the Court may deem just or equitable.

Dated: July 2, 2021                                         Respectfully Submitted,

                                                            */s/   Robert Anthony Alvarez*
                                                            Robert Anthony Alvarez (P66954)
                                                            Attorney for Plaintiff
                                                            Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 2, 2021                                         Respectfully Submitted,

                                                            */s/   Robert Anthony Alvarez*            .
                                                            Robert Anthony Alvarez (P66954)
                                                            Attorney for Plaintiff
                                                            Avanti Law Group. PLLC
                                                            600 28th Street SW
                                                            Wyoming, MI 49509
                                                            (616) 257-6807
                                                            ralvarez@avantilaw.com

## VERIFICATION

I declare under the penalty of perjury under the laws of the United States of America that the statements outlined above in my Original Complaint are true and correct.

Date: _____Jun 15 2021_____

_Domingo Tovar Cruz_
Signature

Domingo Tovar Cruz
Printed Name